71935. GRAEFF et al. v. HOME FEDERAL SAVINGS & LOAN ASSOCIATION.
(342 SE2d 17)

BIRDSONG, Presiding Judge.

This is an appeal from a judgment for deficiency following appellants' default upon a vehicle lease agreement and repossession by the appellee. The Graeffs appeal. *Held*:

1. The only dispute extant involves appellants' contention that they should be credited with the total value of the new lease agreement for which Home Federal entered into with a new lessee after Home Federal repossessed and re-leased the vehicle. The evidence shows that Home Federal credited itself with the fair market value of the leased auto and deducted that from the asserted deficiency chargeable to the Graeffs. There is no contention that the amount credited to the lessees, $13,830, was not the car's fair market value and no dispute is made as to the amount or function of this credit.

The lease document provides that upon this default by the lessee, the holder may recover the unpaid lease payments, repossession and repair expenses and the total portion of monthly payments representing the depreciation factor (failure to award which is not complained of by holder, assuming it does not constitute a double payment or penalty) and the excess, if any, of the unrealized residual value over the car's fair market value at the time of repossession, or over the proceeds of its sale, if sold. The contract further provides that upon sale of the vehicle by holder at termination of the lease, the lessee is entitled to any excess of proceeds of the sale after residual value, un-

paid payments, and other expenses are deducted. The contract provides that the holder is not limited to these remedies but may collect its "actual damages," and be entitled to any other remedies available at law or equity. In this case, the lessees received a credit for the sale proceeds ($13,830 or fair market value), and received a credit for unearned interest, the three payments they did make, and their security deposit. No claim is made by lessees on appeal that the contract terms relating to holder's remedies and rights and lessees' rights were violated, or that the judgment does not reflect holder's actual damages.

The lessees contend they are entitled to a credit for the holder's future profits or income for the subsequent re-lease, because of which the holder did not suffer any real damages based on these lessees' default. It is clear, however, that there was full compliance with lessees' contract as to proceeds of the sale or the car's fair market value following the default and repossession. What the holder did with the car after complying with the contract terms is irrelevant.

The holder's argument that the holder would owe the lessee money and the lessees would actually "ride free" and profit from their default if the lessees were credited with the holder's future income out of the re-lease, is well taken.

2. Our calculation of the "payoff balance" used as the basis for determining holder's and lessees' rights, indicates an apparent disparity in holder's favor. Based upon the holder's explanation at the hearing, the payoff balance was calculated out of 48 monthly lease payments of $316.27 ($15,180.96), plus $7,500 residual value, less credit for three payments made ($948.81), less credit for $5,122.91 unearned interest, equals $16,609.24, which is $92.10 less than calculated by the appellee and the trial court. The judgment may be affirmed if this amount is written off by Home Federal on remand or else the judgment will be reversed and remanded for further proceedings to determine the correct payoff balance.

3. Appellants' objection to the rate of prejudgment interest as awarded by the trial court is conceded by the appellee, and on remand, the new judgment should be amended to reflect the same.

*Judgment affirmed and case remanded to the trial court for proceedings not inconsistent herewith. Banke, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 27, 1986.

*Fred L. Cavalli*, for appellants.
*Kirby G. Bailey*, for appellee.